AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

DEC 16 2022

MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  22-1888 MR
Black in color Samsung (Subject Telephone #3) )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Black in color Samsung (Subject Telephone #3), more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of ____New Mexico____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 and 846 | Possession with intent to distribute a controlled substance and conspiracy |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jeremy Tellez, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__electronic submission and telephonic swearing__ *(specify reliable electronic means)*.

Date: 12-16-2022

*Judge's signature*

City and state: Las Cruces, New Mexico     Kevin R. Sweazea, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "Subject Telephones # 1-3," to include any SIM cards found in or with Subject Telephones # 1-3. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone #1

Subject Telephone #1 a grey in color Samsung phone with IMEI 350166281096227, and any SIM card or other storage media contained therein, which was seized from Jahmaad Rashim Williams and Sarah Jalee Graves on or about November 30, 2022, in Las Cruces, New Mexico. Subject Telephone #1 is currently in the custody of the Las Cruces/Dona Ana Metro Narcotics and is located in Las Cruces, New Mexico, and is depicted in the photographs below:




## Subject Telephone #2

Subject Telephone #2 a grey in color Iphone, and any SIM card or other storage media contained therein, which was seized from Jahmaad Rashim Williams and Sarah Jalee Graves on or about November 30, 2022, in Las Cruces, New Mexico. Subject Telephone #2 is currently in the custody of the Las Cruces/Dona Ana Metro Narcotics and is located in Las Cruces, New Mexico, and is depicted in the photographs below:




## Subject Telephone #3

Subject Telephone #3 a black in color Samsung, and any SIM card or other storage media contained therein, which was seized from Jahmaad Rashim Williams and Sarah Jalee Graves on or about November 30, 2022, in Las Cruces, New Mexico. Subject Telephone #3 is currently in the custody of the Las Cruces/Dona Ana Metro Narcotics and is located in Las Cruces, New Mexico, and is depicted in the photographs below:




## ATTACHMENT B

### PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 21 U.S.C. §§ 841 and 846 by Jahmaad Rashim WILLIAMS and Sarah Jalee GRAVES including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of customers, distributors, sources of supply, and other associates of the user of Subject Telephones # 1-3.

2. Audio and video calls made to or from Subject Telephones # 1-3. along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on Subject Telephones # 1-3, along with the date and time each such communication occurred;

4. The content of voice mail messages and audio and video messages stored on Subject Telephones # 1-3, along with the date and time each such communication occurred;

5. Photographs or video recordings;

6. Information relating to the schedule, whereabouts, or travel of the user of Subject Telephones # 1-3.

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of Subject Telephones # 1-3.

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned Subject Telephones # 1-3 such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Jeremy Tellez, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the Subject Telephones described in Attachment A, which are currently in law enforcement possession, and the extraction from those telephones of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) and have been so employed since 2019. I have been a commissioned Law Enforcement Officer with the Dona Ana County Sheriff's Department since February, 2015, and a narcotics agent with the Las Cruces/Dona Ana Metro Narcotics Agency (Metro Narcotics) since October 2019. As an FBI TFO, I am authorized to conduct investigations into violations of federal laws, to include federal drug trafficking violations codified under Title 21 of the United States Code.

1. My experience as a TFO includes, but is not limited to: coordinating controlled purchases with undercover law enforcement officers and confidential informants, coordinating the execution of search and arrest warrants pertaining to individuals involved in the distribution of illegal drugs, assisting with court-ordered interceptions of wire and electronic communications occurring over telephones and social media utilized by members of drug trafficking organizations (DTOs), and spoken with informants and subjects, as well as other local and federal law

enforcement officers, regarding the manner in which drug traffickers obtain, finance, manufacture, store, and distribute their illegal drugs.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents who were involved in the investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

3. Through my training and experience, I know that narcotics traffickers often maintain one or more cellular, smart phone, tablet, or other electronic device which they utilize to further narcotics trafficking activities. Narcotics traffickers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their suppliers, distributors, and other co-conspirators. I know, based upon my training and experience, that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the importation, storage, transportation, and distribution of narcotics, as well as the subsequent laundering of the proceeds of these illegal activities.

4. I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card

Page 2

from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to drug trafficking activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

5. I further know from my training and experience that a cache of information concerning drug trafficking activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat. I know that the identities, telephone numbers, and usernames of other participants involved in narcotics trafficking activity are often maintained in contact lists on these devices, including in third-party social media and other applications. In my experience, narcotics traffickers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including narcotics, currency, and firearms. Narcotics traffickers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged narcotics related activities or travel, as well as establishing identity of the user of the device based on the locations frequented. Notably, these applications may store GPS location data even when the devices are not actively being used to navigate. In addition, narcotics traffickers can also use these devices to store information related to the financial transactions

related to narcotics trafficking, such as drug ledgers and financial accounts and transactions. In my experience, the devices used by narcotics traffickers often contain evidence relating to their narcotics trafficking activities including, but not limited to, contact lists, lists of recent call activity, messages, voicemails, photographs and video recordings, GPS and location information, and financial accounts and records.

## PROBABLE CAUSE

6. The following information is based upon my personal knowledge as well as information provided by other federal, state, or local officers and is presented as probable cause to search a Grey in color iPhone, black in color Samsung and a grey in color Samsung with IMEI 350166281096227, and any SIM card or other storage media contained therein (Subject Telephone #1, Subject Telephone #2 and Subject Telephone #3.) Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the initial investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephones # 1-3 for evidence of violations of 21 U.S.C. §§ 841 and 846.

7. The FBI and the Las Cruces/Dona Ana Metro Narcotics Task Force are investigating Jahmaad Rashim WILLIAMS for violations of 21 U.S.C. §§ 841 and 846.

8. On or about November 30, 2022, Agents had learned that WILLIAMS traveled to Arizona to purchase narcotics and would be traveling back to New Mexico with the narcotics. It was learned that he rented a Blue in color Mercedes Benz, bearing TX license plate PZW4866.

9. A marked Las Cruces/Dona Ana Metro Narcotics Agent and FBI TFO conducted a traffic stop of the blue Mercedes on Interstate 10 in Dona Ana County, New Mexico. The

driver of the vehicle was identified as WILLIAMS and the passenger of the vehicle was Sarah Jalee Graves. As a traffic investigation was conducted and a K-9 trained to alert to the presence of narcotics was utilized for an open-air sniff. The K-9 alerted on the blue Mercedes, which was then searched for narcotics.

10. During the search, agents located a backpack in the trunk that contained approximately 432.6 grams of a crystalized substance that later tested presumptive positive for the presence of methamphetamine. Agents also located approximately 678.2 grams of blue in color pills that later tested presumptive positive for the presence of fentanyl. Subject Telephones # 1-3 were also located inside the in the blue Mercedes. The three phones were seized as evidence by FBI and Metro Narcotics agents.

11. Subjects on scene did not want to speak to agents during the traffic stop. However, based on my training and experience described above, I believe that one or all three phones will contain evidence of WILLIAMS's drug trafficking activity.

12. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephones contains evidence of violations of 21 U.S.C. §§ 841 and 846.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

14. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how

Subject Telephones # 1-3 were used, the purpose of their use, and who used Subject Telephones # 1-3 when they were used. There is probable cause to believe that this forensic electronic evidence might be on Subject Telephones # 1-4 because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

15.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of Subject Telephone

#1, Subject Telephone #2 and Subject Telephone #3 consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of Subject Telephone #1, Subject Telephone #2 and Subject Telephone #3 to human inspection in order to determine whether it is evidence described by the warrant.

16. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

17. Based on the above information, there is probable cause to believe that evidence of violations of 21 U.S.C. §§ 841 and 846 will be located on Subject Telephones # 1-3. Therefore, I respectfully request that this Court issue a search warrant for Subject Telephones # 1-3, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Jeremy Tellez
FBI Task Force Officer

Electronically submitted and telephonically sworn to before me on December 16, 2022:

Kevin R. Sweazea
United States Magistrate Judge

Page 7